# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGIONAL MEDICAL CENTER OF SAN JOSE,<br><br>Plaintiff,<br><br>v.<br><br>WH ADMINISTRATORS, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-03357-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 12, 37, 38, 41 |

Plaintiff Regional Medical Center of San Jose ("RMC") seeks reimbursement for medical services from Defendants The Phia Group, LLC ("Phia"), WH Administrators, Inc. ("WH"), Benefit Administrative Systems, LLC ("BAS"), and RHC Management Co., LLC ("RHC LLC") and RHC Management Health & Welfare Trust (the "Plan") (together, "RHC"). Each Defendant separately moves to dismiss. Defendants' motions will be granted.

**I.      BACKGROUND**

RMC alleges that it provided medical care to a patient from approximately February 3, 2015, to March 3, 2015. Compl. ¶¶ 1, 31, 55. The patient was a Plan beneficiary. Id. ¶ 1.

RMC concedes that it was not an "in-network" facility under the Plan. Id. ¶ 54. However, RMC alleges that, in early March, it called the Plan to verify the benefits available to the patient. Id. ¶ 57. A Plan representative identified as "Genevieve" allegedly told RMC that the Plan would cover 80% of the cost (after deductibles and copays) of the care that the patient received from RMC. Id.

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
1

RMC alleges that the cost of the patient's care was $892,269.79. Id. ¶ 1. But the Plan issued an Explanation of Benefits that denied payment for most of RMC's charges. Id. ¶ 31. The Plan paid $73,043.32—approximately 8% of the amount that RMC requested. Id. ¶ 1. RMC exhausted its administrative appeals and a final denial of its appeal issued on September 16, 2015. Id. ¶ 68.

According to RMC, it received a call from Phia in December 2015. Id. ¶ 70. Phia offered to settle on behalf of the Plan. Id. RMC declined, and settlement negotiations continued for several months. Id. RMC attempted to contact the other Defendants. Id. ¶ 71. Phia responded on their behalf. Id. The parties were unable to reach an agreement.

RMC filed this action on June 9, 2017. Its complaint asserts five causes of action:

1. Recovery of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against all Defendants. Id. ¶¶ 65–79.

2. Recovery of benefits under the Affordable Care Act ("ACA") § 2707(b), 42 U.S.C. § 300gg-6(b), enforced via ERISA § 502(a)(1)(B), against all Defendants. Id. ¶¶ 80–86.

3. Intentional misrepresentation against BAS, WH, and RHC. Id. ¶¶ 87–93.

4. Negligent misrepresentation against BAS, WH, and RHC. Id. ¶¶ 94–100.

5. Intentional interference with contractual relations against BAS and Phia. Id. ¶¶ 101–09.

Each defendant separately moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). RHC also moves to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
2

(9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

#### A. RMC's ERISA Claims

RMC asserts its first two causes of action against all defendants under ERISA § 502(a)(1)(B). Compl. ¶¶ 65–86.

Claims under § 502(a)(1)(B) can only be directly asserted by a plan "participant or beneficiary." 29 U.S.C. § 1132(a)(1)(B). RMC lacks direct standing to pursue these claims because it is not a "participant or beneficiary." However, RMC asserts that it has derivative standing because it received an assignment of Plan benefits from the patient. Pl.'s Opp'n to WH's Mot. to Dismiss ("WH Opp.") 6–7, Dkt. No. 45; see Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374 (9th Cir. 1986) (per curiam) (holding that an assignment of benefits granted derivative standing to a provider to sue under ERISA); Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282 (9th Cir. 2014) (same).

According to RMC, the Patient signed RMC's "Conditions of Admission" form that included an assignment-of-benefits provision:

> **Assignment of Benefits. Patient assigns all of his/her rights and benefits under existing policies of insurance** providing coverage and payment for any and all expenses incurred as a result of services and treatment rendered by the Provider and authorizes direct payment **to the Provider** of any insurance benefits otherwise payable to or on behalf of Patient for the hospitalization or for outpatient services, including emergency services, if rendered.

Compl. ¶ 66 (emphasis in original). Under this provision, RMC argues, it "is entitled under ERISA to pursue all payment [sic] that are due to the Patient under the Plan." Id. ¶ 67.

Defendants respond that the Plan description contains an anti-assignment provision that prohibits the patient from assigning the right to sue to recover benefits under the Plan:

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
3

> **Assignments**
> No Covered Person shall at any time, either during the time in which he or she is a Covered Person in the Plan, or following his or her termination as a Covered Person, in any manner, have any right to assign his or her right to sue to recover benefits under the Plan, to enforce rights due under the Plan or to any other causes of action which he or she may have against the Plan or its fiduciaries.

Leech Decl. Ex. 1, Dkt. No. 41-2 at 72; see also WH's Mot. to Dismiss ("WH MTD") 9–10, Dkt. No. 37; RHC's Mot. to Dismiss ("RHC MTD") 7–8, Dkt. No. 41; BAS's Mot. to Dismiss ("BAS MTD") 15–17, Dkt. No. 38; Phia's Mot. to Dismiss ("Phia MTD") 16–17, Dkt. No. 12.

RMC raises several arguments in support of its view that it has derivative standing despite the Plan's anti-assignment provision. WH Opp'n 11–18; Pl.'s Opp'n to RHC's Mot. to Dismiss ("RHC Opp'n") 4–12, Dkt. No. 52; Pl.'s Opp'n to BAS's Mot. to Dismiss ("BAS Opp'n") 5–13, Dkt. No. 48; Pl.'s Opp'n to Phia's Mot. to Dismiss ("Phia Opp'n") 11–18, Dkt. No. 44.

First, RMC argues that it is unclear whether the Plan document cited by Defendants is actually the Plan document at issue in this case. RHC Opp'n 5–6. "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Here, RMC has not identified any compelling reasons to doubt the authenticity or completeness of the Plan description attached to RHC's motion.

Second, RMC argues that the Plan contains a provision that assigns the payment of benefits to healthcare providers:

> All Network benefits payable by the Plan are automatically assigned to the provider of services unless evidence of previous payment is submitted with the claim. All other benefits payable by the Plan may be assigned at your option. Payments made in accordance with an assignment of benefits are made in good faith and release the Plan's obligation to the extent of the payment.

RHC Opp'n 6–7; Leech Decl. Ex. 1, Dkt. No. 41-2 at 21.

RMC argues that, in light of this provision, the anti-assignment provision cited above should be interpreted to exclude healthcare providers from its scope. RHC Opp'n 7 ("When read

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
4

in light of the specific provisions of the [Plan description] authorizing assignments of benefits to providers, it becomes obvious that the more generic anti-assignment provision cited by RHC cannot have been meant to apply to providers. . . . The more reasonable interpretation is that the more general language RHC cites was meant to apply to non-providers."). The Court finds that RMC's interpretation contradicts the plain language of the Plan description. See id. at 7 ("[T]erms in an ERISA plan should be interpreted 'in an ordinary and popular sense as would a [person] of average intelligence and experience.' " (quoting Richardson v. Pension Plan of Bethlehem Steel Corp., 112 F.3d 982, 985 (9th Cir. 1997))). The anti-assignment provision in the Plan prohibits the patient from assigning the right to sue. Leech Decl. Ex. 1, Dkt. No. 41-2 at 72. The assignment-of-benefits provision, on the other hand, authorizes assignment of the right to payment. Id. at 21. These provisions are compatible, and the Court finds nothing in the language or logic of the Plan description that excludes healthcare providers from the scope of the anti-assignment provision.

Third, RMC argues in the alternative that these provisions are ambiguous and cannot be enforced. RHC Opp'n 8–9. The Court disagrees. These two provisions involve two distinct rights—the right to sue, and the right to receive payment—and their meaning is clear.

Fourth, RMC argues that these two rights cannot be severed. RMC cites several cases from other circuits to support its view that the "the two rights—the right for benefits, on one hand, and the right to sue to collect those benefits—are logically and inextricably linked." RHC Opp'n 9–10; see also N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 362 (3d Cir. 2015); Brown v. BlueCross BlueShield of Tenn., Inc., 827 F.3d 543 (6th Cir. 2016); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 (11th Cir. 2009). According to RMC, as a matter of law, the transfer of the right to collect payment for benefits necessarily entails transfer of the right to sue for payment—despite the fact, in this case, that the Plan description prohibits assignment of the right to sue. RHC Opp'n 10. Under RMC's position, the provision that bars assignment of the right to sue would not apply when a patient transfers payment rights to a provider.

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
5

The Court acknowledges that "[a]n assignment of the right to receive payment of benefits generally includes the limited right to sue for non-payment under § 502(a)(1)(B)." DB Healthcare, LLC v. Blue Cross Blue Shield of Ariz., Inc., 852 F.3d 868, 877 n.7 (9th Cir. 2017) (emphasis added). However, the parties have cited no authority holding that an assignment of the right to receive payment includes the right to sue for non-payment when a plan explicitly forbids assignment of the right to sue. RMC's cases support the proposition that an assignment of payment for benefits typically confers the right to sue for nonpayment. But none of those cases involve provisions in Plan contracts that prohibit the covered person from assigning the right to sue the Plan.

Here, the language of the Plan document is clear: a "Covered Person" may not "assign his or her right to sue to recover benefits under the Plan, to enforce rights due under the Plan or to any other causes of action which he or she may have against the Plan or its fiduciaries." Leech Decl. Ex. 1, Dkt. No. 41-2 at 72. This provision encompasses the rights that RMC seeks to assert in its ERISA causes of action. The patient was permitted to assign authorization for payment of benefits, but the anti-assignment provision prevented the patient from assigning causes of action against the Plan to RMC. The Court is not aware of authority that would allow the Court to override the clear language of the contract—and there is ample authority holding that anti-assignment provisions are valid and enforceable. See, e.g., Eden Surgical Ctr. v. B. Braun Med., Inc., 420 Fed. App'x 696, 697 (9th Cir. 2011) ("A plan may prohibit the assignment of rights and benefits."); Spinedex, 770 F.3d at 1296 ("Anti-assignment clauses in ERISA plans are valid and enforceable." (citing Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1481 (9th Cir. 1991))).

Finally, RMC argues that Defendants' interpretation of the plan violates ERISA's proximity rule, which requires that plan descriptions "shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
6

plan." RHC Opp'n 11 (quoting 29 U.S.C. § 1022). That rule, however, applies to plan beneficiaries; it does not apply to service providers who file derivative lawsuits based on assignments from plan beneficiaries. See id. (plan descriptions "shall be written in a manner calculated to be understood by the average plan participant") (emphasis added); see also 29 C.F.R. § 2520.102-2(b) ("The summary plan description shall be written in a manner calculated to be understood by the average plan participant and shall be sufficiently comprehensive to apprise the plan's participants and beneficiaries of their rights and obligations under the plan.") (emphasis added). RMC presents no authority to the contrary.

The Court finds that the Plan's anti-assignment provision is valid and enforceable. Accordingly, RMC's first two causes of action under ERISA § 502(a)(1)(B) must be dismissed under Rule 12(b)(6) because RMC lacks derivative standing.[1]

### B. RMC's State-Law Claims

In this case, federal jurisdiction is based on RMC's ERISA claims. Supplemental jurisdiction applies to RMC's state-law claims. Since RMC's ERISA claims must be dismissed, there is no independent basis for the Court to exercise subject-matter jurisdiction over RMC's state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Supplemental jurisdiction is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

Here, although RMC's state-law claims arise from the same events as its ERISA claims, there is little overlap in the applicable law. In addition, this litigation is in the early stages.

---

[1] ERISA cases often refer to "standing" when discussing whether a plaintiff is authorized to sue. As the Ninth Circuit has explained, this "common shorthand suggests that subject matter jurisdiction may also be at stake. It is not." DB Healthcare, 852 F.3d at 874–75. "[A] dismissal for lack of statutory standing [under ERISA] is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." Id. (quoting Vaughn v. Bay Envtl. Mgmt., Inc., 567 F.3d 1021, 1024 (9th Cir. 2009)).

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
7

Accordingly, the Court declines to exercise supplemental jurisdiction over RMC's state-law claims and dismisses them without prejudice.

### C. Leave to Amend

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); In re Korean Air Lines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011). Absent a showing of prejudice, delay, bad faith, or futility, there is a strong presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). However, courts can dismiss without leave to amend if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Swartz v. KPMG LLP, 476 F.3d 756, 761 (9th Cir. 2007) (quoting Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)); see also Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725–26 (9th Cir. 2000) ("a district court acts within its discretion to deny leave to amend when amendment would be futile").

Here, the Court dismisses RMC's ERISA claims because RMC lacks derivative standing as a result of the Plan's provision barring assignment of the right to sue. Amendment would be futile because no additional factual allegations could cure this defect. As such, Defendants' motions to dismiss will be granted without leave to amend.

## IV. CONCLUSION

Defendants' motions to dismiss (Dkt. Nos. 12, 37, 38, and 41) are GRANTED without leave to amend. RMC's state-law claims are dismissed without prejudice. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: December 20, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03357-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS
8