UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGIONAL MEDICAL CENTER OF SAN JOSE,<br><br>Plaintiff,<br><br>v.<br><br>WH ADMINISTRATORS, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-03357-EJD<br><br>**ORDER CONDITIONALLY GRANTING MR. RONALD KRAVITZ'S MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 98 |

Mr. Ronald Scott Kravitz, Defendant WH Administrators, Inc.'s attorney, first appeared as counsel of record for Defendant WHA on July 7, 2017. Dkt. 25. For about three years, Mr. Kravitz has been Defendant WHA's counsel. On May 7, 2020, Mr. Kravitz filed a motion to withdraw as counsel of record for Defendant WH. Motion to Withdraw as Counsel of Record for Defendant WH Administrators, Inc. ("Mot."), Dkt. 98. Mr. Kravitz argues that his request to withdraw as counsel is supported by California Rule of Professional Conduct 1.16(b). *Id.* at 3. Defendant WH has not filed any opposition to Mr. Kravitz's motion to withdraw. Defendants RHC Management Health & Welfare Trust, RHC Management Co., LLC d/b/a McDonald, Benefit Administrative Systems, LLC, and the Phia Group, LLC do not oppose Mr. Kravitz's motion to withdraw as counsel. *See* Dkts. 100, 101, 102. Plaintiff the Regional Medical Center of San Jose has not filed any opposition to Mr. Kravitz's motion to withdraw. Having considered Mr. Kravitz's papers, the Court **CONDITIONALLY GRANTS** Mr. Kravitz's Motion to Withdraw as Defendant WH's counsel.[1]

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration without oral argument.
Case No.: 5:17-cv-03357-EJD
ORDER CONDITIONALLY GRANTING MR. RONALD KRAVITZ'S MOTION TO WITHDRAW

1

## I. LEGAL STANDARD

In this district, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. N.D. Cal. Civ. L.R. 11-4(1). California Rule of Professional Conduct 1.16 provides that an attorney may request permission to withdraw if a client is engaged in conduct that makes it unreasonably difficult for the attorney to carry out employment effectively or breaches an agreement or obligation to pay expenses or fees.

An attorney must receive leave of court to withdraw as counsel. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264, at *3 (N.D. Cal. Dec. 1, 2004). A court ruling upon motions to withdraw as counsel considers:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Id.* at *4.

## II. DISCUSSION

### A. Counsel Provided Reasonable Written Notice

Counsel must give their client and the other parties in the case reasonable advance written notice of the intent to withdraw. N.D. Cal. Civ. L.R. 11-5(a); Cal. R. Prof'l Conduct 1.16(d).

Here, Mr. Kravitz has attempted to inform Defendant WHA of his intent to withdraw as counsel, however, his attempts to make contact with Defendant WHA have been unsuccessful. *See* Declaration of Ronald S. Kravitz ("Kravitz Decl.") ¶ 3, Dkt. 98-1. He has repeatedly attempted to contact Defendant WHA to inform the client of his need to withdraw and the reasons why. Mot. at 3. Such notifications have been made by phone, email, and certified mail. *Id.* Defendant WHA has not responded to any of these notifications. *See* Thus, Mr. Kravitz has given Defendant WHA advance notice of his intent to withdraw. Likewise, the other Parties in this

Case No.: 5:17-cv-03357-EJD
ORDER CONDITIONALLY GRANTING MR. RONALD KRAVITZ'S MOTION TO WITHDRAW

2

action have been informed of Mr. Kravitz's intent to withdraw. *See id.*; *see also* Dkts. 100, 101, 102.

### B. There is Good Cause to Withdraw

"A client's failure to pay legal fees . . . may constitute good cause to permit an attorney's withdrawal from representation of a client." *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6927809, at *2 (C.D. Cal. June 26, 2018). The breach of an agreement to pay legal fees further justifies withdrawal of counsel. Cal. R. Prof'l Conduct 1.16(b)(5) (permitting an attorney to withdraw if the client materially breaches a term of a fee agreement and the attorney gives the client a reasonable warning after the breach that the attorney will withdraw unless the client fulfills the agreement or performs the obligation). Likewise, a client's failure to communicate with counsel is good cause for withdrawal of representation. *See Hershey v. Berkeley*, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008) ("Plaintiffs' failure to communicate with their counsel has created a complete breakdown in the attorney-client relationship. This breakdown constitutes good cause for Plaintiffs' counsel to withdraw from this case.").

Here, Defendant WHA has (1) failed to communicate with counsel, which makes it impossible for counsel to effectively represent Defendant WHA and (2) failed to pay its legal fees. As a result, Mr. Kravitz cannot provide adequate or timely responses as required to represent WHA, and is unable to prepare a proper defense in this matter. Mot. at 3. The breakdown and failure to pay fees constitutes good cause for Defendant WHA's counsel to withdraw from this case.

### C. Withdrawal Does Not Prejudice Defendant WHA

Finally, Defendant WHA will not be prejudiced by withdrawal. There are no pending motions and no pending hearing or trial dates set in this matter.

### III. CONCLUSION

For the foregoing reasons, the Court **CONDITIONALLY GRANTS** Mr. Kravitz's motion to withdraw as counsel for Defendant WHA. As noted, prior to filing this motion to

Case No.: 5:17-cv-03357-EJD
ORDER CONDITIONALLY GRANTING MR. RONALD KRAVITZ'S MOTION TO WITHDRAW

3

withdraw, Mr. Kravitz left several unreturned telephone messages at Defendant WHA's last known telephone number. He also sent Defendant WHA a letter at his last known address but did not receive a reply. Documentation presented by Mr. Kravitz shows that Defendant WHA has not submitted proper taxes, documentation, and other payments with the Franchise Tax Board of Texas and that Defendant WHA has forfeited its right to transact business in Texas. *See* Kravitz Decl., Ex. A. This is to say, Defendant WHA seems to no longer be a functioning business. Based on Mr. Kravitz's motion, declaration, and exhibits, the Court finds that Mr. Kravitz has made sufficiently diligent efforts to locate his client. Accordingly, Mr. Kravitz's motion to withdraw is **GRANTED** with the following conditions:

1. Mr. Kravitz shall send by registered mail a copy of this Order to Defendant WHA at its last known address by **July 1, 2020** and email a copy of this Order to Defendant WHA at the last known email address (the one listed in Mr. Kravitz's motion). Mr. Kravitz shall file a declaration stating that he has done so on or before **July 1, 2020.**
2. Pursuant to Civil Local Rule 11-5(b), all papers in this case may continue to be served on Mr. Kravitz for forwarding to Defendant WHA unless and until Defendant WHA appears by other counsel.
3. Defendant WHA has until **July 23, 2020** to obtain new counsel. Because Defendant WHA is a corporate entity, it may not proceed pro se. To ensure that any new counsel has sufficient time to prepare, the status conference set for July 30, 2020 is **RESET** for **August 20, 2020**. The status report is now due by **August 10, 2020**.
4. Failure to comply with conditions one or two shall result in the denial of Mr. Kravitz's motion to withdraw.

**IT IS SO ORDERED.**

Dated: June 24, 2020

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-03357-EJD
ORDER CONDITIONALLY GRANTING MR. RONALD KRAVITZ'S MOTION TO WITHDRAW

4